**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **VIRGINIA P. LARSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-2295-KHV |
| **DELAWARE HIGHLANDS** ) | |
| **AL SERVICES PROVIDER, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff brings suit against her former employer, Delaware Highlands AL Services Provider, LLC ("Delaware Highlands"), alleging discriminatory termination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). She asserts that defendant terminated her employment because of her age – 69 – and because of her perceived disability – recovering from cancer surgery. Defendant asserts that it terminated plaintiff's employment because she falsified records of patient assessments of residents who were not in the facility when she claimed to have assessed them. This matter comes before the Court on Defendant's Motion For Summary Judgment (Doc. #46) filed December 7, 2011. For the following reasons the Court sustains defendant's motion.

**Legal Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535,

1538-39 (10th Cir. 1993). A "genuine" factual dispute is one "on which the jury could reasonably find for the plaintiff," and requires more than a mere scintilla of evidence. Liberty Lobby, 477 U.S. at 252. A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Justice v. Crown Cork & Seal Co., 527 F.3d 1080, 1085 (10th Cir. 2008). Once the moving party meets its burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial with respect to the dispositive matters for which it carries the burden of proof. Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As to these matters, the nonmoving party may not rest on its pleadings but must set forth specific facts. Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87; Justice, 527 F.3d at 1085. Conclusory allegations not supported by evidence are insufficient to establish a genuine issue of material fact. Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment. Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**Facts**

The following facts are either uncontroverted, deemed admitted or construed in the light most favorable to plaintiff.

Delaware Highlands hired plaintiff to work as an evening nurse in August of 2006.[1] She was then 66 years old. On March 24, 2009, Delaware Highlands terminated plaintiff's employment. At the time of termination, plaintiff was age 69. Def.'s SOF ¶¶ 1-4; Pl.'s SOF ¶ A.

Plaintiff received and signed two written warnings during her employment. On January 20, 2009, a warning stated that a nurse had asked plaintiff to administer a suppository to a resident but plaintiff had refused. In response to the warning, plaintiff stated that she had been too busy, but a fellow employee reported that plaintiff was sitting at a desk and was not busy. Doc. #47-2 at 2. This written warning included the following statement: "If this incident is repeated, further corrective action may be taken, which may include final written warning or discharge." Id. On January 27, 2009, plaintiff's written warning addressed her failure to chart residents in six different rooms over several days. As a result, she received two in-service sessions on proper documentation and again, the warning included an admonition that plaintiff was subject to a final written warning or discharge for repeated conduct. Plaintiff explained that she had worked a half day on one of the days, thereby leaving a half day for another employee to finish that day's charts, but her explanation was silent as to the other days. Id. at 3.

Delaware Highlands later learned that it had billed Medicaid for assessments that plaintiff erroneously certified she had conducted. At least four of the residents were not present on the day plaintiff certified that she had evaluated them; she merely prepared and submitted the reimbursement

---

[1] At some point plaintiff moved to the day shift. See Doc. #52-5 at 8, 9.

paperwork to Medicaid. A Medicaid caseworker notified Delaware Highlands that one of the residents was not in the building for the entire week in which plaintiff certified she had evaluated the resident. Delaware Highlands had to reimburse Medicaid for the entire amount of resident assessments which it had billed for the relevant period. Warren Aff., Doc. #47-3.

Plaintiff agrees that an employee should be written up if care that is provided to patients is inaccurately recorded, and that good nursing practice requires proper charting with respect to what care patients receive, when they receive it and the patients' physical conditions. Def.'s SOF ¶¶ 5, 6; Pl.'s SOF ¶ A. Based on plaintiff's failures to meet facility requirements for proper charting/documentation (including the two incidents for which she received written warnings and the erroneously submitted Medicaid assessments), the Executive Director of Delaware Highlands, Michael Warren, approved plaintiff's discharge on March 24, 2009. Warren Aff., Doc. #47-3. Plaintiff received and signed a written discharge notice which stated: "After several inservices and instruction on facility requirements for documentation, Pat continues to not be able to meet facility requirements for proper documentation. Too many instances of lack of documentation." Doc. #52-3 at 11.

Tonya Womack, a fellow employee who was terminated two weeks before Delaware Highlands discharged plaintiff, often assisted and was with Dawn Gates, Director of Nursing, after Gates went to work for Delaware Highlands in December 2008. Doc. #52-6. Gates told Womack that she wanted to get rid of plaintiff because she wanted "someone with younger legs on the floor" in plaintiff's position as Day Charge Nurse. Gates told Womack that she would fire Womack if she repeated her comment, and Womack told no one about it until after her discharge. Id.

In July of 2008, plaintiff was diagnosed with breast cancer. Plaintiff Depo., Doc. #52-4 at

3. She had daily radiation treatment for six weeks from September to November of 2008. She missed no time from work, however, except for her surgery. Plaintiff Depo. Ex. 1, Doc. #52-5 at 19. In January of 2009, Warren told plaintiff that he understood she would need a less strenuous job because of her treatment. Plaintiff denied any such need and said that her treatment had gone well and she had no problems. Doc. #52-4 at 3, 4.

Delaware Highlands denies that it terminated plaintiff's employment on account of her age. Warren, who approved of her termination, did not know that she had a disability and did not regard her as having a disability. Doc. #47-3 at 3.

## Analysis

Plaintiff argues that defendant terminated her employment because of age and disability – not because of inadequate paperwork preparation. Plaintiff may establish that defendant acted with discriminatory intent under the ADA[2] and ADEA[3] either directly, through direct or circumstantial evidence, or indirectly, through the inferential burden-shifting scheme established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 824 (1973). See Johnson v. Weld County, Colo., 594 F.3d 1202, 1217 (10th Cir. 2010) (ADA); Jones v. Okla. City Pub. Schs., 617 F.3d 1273, 1278-79 (10th Cir. 2010) (ADEA).[4]  Here, although plaintiff cites no case law in support of her claim, her

---

[2]  The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

[3]  The ADEA prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

[4]  In Jones, the Tenth Circuit considered whether the McDonnell Douglas framework applied to ADEA claims after the Supreme Court's decision in Gross v. FBL Fin. Servs., Inc., 129
(continued...)

argument indicates that she relies on the indirect method of proving discrimination. See Doc. #52 at 3 (arguing in favor of a finding of discriminatory intent and pretext). Under the McDonnell Douglas burden-shifting framework, plaintiff has the initial burden of establishing a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802; Sanders v. Sw. Bell Tel., L.P., 544 F.3d 1101, 1105 (10th Cir. 2008) (quoting Sanchez v. Denver Pub. Sch., 164 F.3d 527, 531 (10th Cir. 1998)). If plaintiff satisfies her burden, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for terminating plaintiff's employment. McDonnell Douglas, 411 U.S. at 802-03; Sanders, 544 F.3d at 1105 (citing Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997)). If defendant does so, the burden shifts back to plaintiff to show a genuine issue of material fact whether defendant's stated reason is pretextual, i.e. unworthy of belief. Sanders, 544 F.3d at 1105. If plaintiff so shows, she gets over the hurdle of summary judgment. Id. (quoting Morgan, 108 F.3d at 1323)).

Defendant asserts that plaintiff has not met several elements of her ADEA and ADA claims.[5]

---

[4](...continued)
S. Ct. 2343 (2009). It held that "Gross does not preclude our continued application of McDonnell Douglas to ADEA claims." Jones, 617 F.3d at 1278.

[5] To establish a prima facie case of age discrimination under the ADEA, plaintiff must show that (1) she is a member of the class protected by the ADEA; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) she was treated less favorably than others not in the protected class. See Jones, 617 F.3d at 1279. Defendant argues that plaintiff has not satisfied the third and fourth elements of her ADEA claim. See Doc. #47 at 8.

To establish a prima facie case of disability discrimination under the ADA, plaintiff must show that (1) on March 24, 2009, she was either a disabled person as defined by the ADA or defendant perceived her to be so; (2) on March 24, 2009, she was qualified, with or without reasonable accommodation, to perform the essential functions of her position; and (3) defendant terminated her because of her real or perceived disability. See Zwygart v. Bd. of County Commn'rs of Jefferson County, Kan., 483 F.3d 1086, 1090 (10th Cir. 2007). With respect to plaintiff's
(continued...)

Even if plaintiff has established a prima facie case of disability and age discrimination, she has not established a genuine issue of material fact whether defendant's nondiscriminatory reason for termination is pretextual, i.e. not the real reason defendant terminated her employment. Here, defendant asserts that it terminated plaintiff's employment because she did not follow orders, failed to properly and accurately chart services she provided and falsified Medicaid reports. See Pretrial Order at 3-4. To survive summary judgment, plaintiff must establish a genuine issue of material fact whether defendant's reason is a pretext for age or disability discrimination. See McDonnell Douglas, 411 U.S. at 802-03; Sanders, 544 F.3d at 1105.

To establish pretext, plaintiff must show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Jaramillo v. Colo. Judicial Dep't, 427 F.3d 1303, 1308 (10th Cir. 2005). In other words, she must produce evidence "that something more nefarious might be at play," not just that defendant "got it wrong." Johnson, 594 F.3d at 1211.

Plaintiff does not dispute the factual basis for her termination, but argues that her failure to follow orders occurred because she was busy with other patients and that her failure to chart was excusable because another nurse could have completed the task. See Doc. #52 at 1-2. She offers no explanation for the falsified Medicaid reports. Plaintiff argues that the written warnings she

---

[5](...continued)
argument that defendant regarded her as having a disability, plaintiff must establish that she has been subjected to an action prohibited by the ADA "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." This provision does not apply to impairments that are transitory (actual or expected duration of six months or less) and minor. 42 U.S.C. § 12102(3). Defendant argues that plaintiff has not satisfied her burden to show that defendant regarded her as disabled.

received were pretextual because Gates wanted a younger person in plaintiff's position. See Pretrial Order at 3. Plaintiff also argues that Warren stated that she should take it easy and do less because she was weakened from having breast cancer surgery and radiation therapy, but that she denied she was weakened and asserted that she could continue to perform all of her duties. Id. Plaintiff's first argument pertains to her ADEA claim; her second argument relates to her ADA claim. The Court will address each in turn.

**I.     ADEA Claim**

To show pretext on her ADEA claim, plaintiff argues that Gates expressed her desire to have a younger person in plaintiff's position and that desire must have been the real reason for plaintiff's termination. The record contains no evidence that Delaware Highlands replaced plaintiff with anyone, let alone a younger person. Although the comment from Gates that she wanted someone with "younger legs" may not be an admissible statement, the Court will assume it as true for purposes of this summary judgment motion.[6] The statement is insufficient to show that Delaware Highlands was motivated by age discrimination. First, the record is devoid of evidence that Delaware Highlands replaced plaintiff with a younger employee. Second, Gates's comment is at best characterized as a stray remark. As such it is insufficient to create a jury issue in an ADEA case. "Age-related comments referring directly to the worker may support an inference of age

---

[6] The documents plaintiff attaches to her response to the summary judgment motion largely consist of her notes of comments others made to her or to third parties. These documents contain hearsay, sometimes in more than one layer. See Doc. #52-6. Plaintiff also attaches unauthenticated copies of handwritten notes and a printout of a website listing on Craigslist. See Docs. #52-3, 52-5. Plaintiff offers no legal authority in favor of the documents' propriety. Evidence premised on inadmissible hearsay may not be considered on summary judgment. Walker v. Runyon, 979 F. Supp. 1363, 1368 (D. Kan. 1997); see also Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1032, 1038 n.4 (D. Kan. 2006) (disregarding as hearsay website printouts attached to summary judgment briefing).

discrimination. However, isolated ambiguous comments are too abstract to support a finding of age discrimination." Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994) (internal citation omitted) (holding comments "need[s] some new young blood" and "long-term employees have a diminishing return" insufficient to demonstrate discriminatory animus).

Plaintiff makes no argument and presents no evidence that Delaware Highlands treated her differently than similarly situated employees who were not in the protected class and whose behavior was comparable to hers. Nor does she offer any argument or evidence to counter defendant's assertion that she falsified documents that Delaware Highlands submitted to Medicaid or that Delaware Highlands had to reimburse Medicaid for all the assessments that it had performed on residents during the relevant period.

Based on the record construed in the light most favorable to plaintiff, she has not cited evidence from which a reasonable jury might conclude that defendant's stated reason for termination was a pretext for age discrimination. The Court therefore sustains defendant's motion for summary judgment as to plaintiff's ADEA claim.

**II.    ADA Claim**

Plaintiff argues that because Warren expressed his concern about her physical ability to perform the functions of her job after radiation therapy, Delaware Highlands terminated her because it regarded her as being disabled. Plaintiff offers no evidence beyond her bare assertion, and for that reason alone it fails. Plaintiff does not dispute Warren's statement that he did not know that she had a disability and he did not regard her as having a disability. Moreover, plaintiff did not miss any time from work between her return from surgery and her termination, and defendant permitted her

-9-

to perform her full range of duties during those four months.[7] The record contains no evidence that defendant regarded plaintiff as having a disability.

Based on the record construed in the light most favorable to plaintiff, she has not identified a genuine issue of material fact which might cause a reasonable jury to conclude that defendant's stated reason for termination was a pretext for disability discrimination. The Court therefore sustains defendant's motion for summary judgment as to plaintiff's ADA claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Summary Judgment (Doc. #46) filed December 7, 2011 be and hereby is **SUSTAINED**.

Dated this 24th day of April, 2012, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[7] Plaintiff concluded her radiation treatment at the end of November of 2008. Pl. Depo. at 38, Doc. #52-4 at 3. Defendant terminated her employment on March 24, 2009. Def.'s SOF ¶ 3.