**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| VIRGINIA P. LARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-2295-KHV |
| DELAWARE HIGHLANDS ) | |
| AL SERVICES PROVIDER, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff filed this action against her former employer, Delaware Highlands AL Services Provider, LLC ("Delaware Highlands"), alleging discriminatory termination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). She asserts that defendant terminated her employment because of her age – 69 – and because of her perceived disability – recovering from cancer surgery. On April 24, 2012, the Court filed a memorandum and order which sustained defendant's summary judgment motion, and on the next day the Court entered judgment for defendant. See Doc. #s 56, 57. This matter comes before the Court on An Appeal And Response To Memorandum And Order Document 56 (Doc. #58), filed pro se by plaintiff on May 11, 2012, which asks the Court to reconsider its summary judgment order. For reasons set forth below, the Court finds that plaintiff's motion should be overruled.

**Factual And Procedural Background**

Through counsel, plaintiff filed suit on May 24, 2010. On November 12, 2010, plaintiff filed an amended complaint. After discovery closed, on December 7, 2011, defendant filed its summary judgment motion. See Doc. #46. On January 19, 2012, plaintiff responded to the summary

judgment motion. See Doc. #52. The Court sustained the motion and entered judgment for defendant on April 25, 2012. See Memorandum and Order (Doc. #56); Judgment (Doc. #57).

Plaintiff asks the Court to reconsider. She asserts that she is unsuccessful in contacting her counsel, and she sets forth a number of factual assertions from the Court's memorandum and order that she believes are based on erroneous information or lies. Defendant responds that the Court should overrule the motion to reconsider because (1) the motion is procedurally deficient, (2) the request is based on inadmissible evidence and (3) plaintiff is not entitled to relief under Federal Rule of Civil Procedure 59(e) or 60(b).

## Legal Standards

The Federal Rules of Civil Procedure do not recognize motions to reconsider. Hatfield v. Bd. of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). As a result, this Court typically construes any self-styled motion to reconsider a dispositive order or judgment as either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. Johnson v. Gilchrist, No. 09-3063-SAC, 2010 WL 750256, at *1 (D. Kan. Mar. 2, 2010) (citing Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995)). Because plaintiff filed the motion within 28 days of the judgment, the Court construes it as a Rule 59(e) motion to alter or amend judgment.[1]

A party seeking to alter or amend a judgment pursuant to Rule 59(e) must establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have

---

[1] If a party files a motion to reconsider more than 28 days after entry of the dispositive order or judgment, the Court treats the motion as a Rule 60(b) motion for relief from judgment or order. See Fed. R. Civ. P. 60(c)(1) (Rule 60(b) motion "must be made within a reasonable time" and if motion brought under subsections (b)(1), (2) or (3), no more than year after entry of judgment or order).

been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. <u>Brown v. Presbyterian Healthcare Servs.</u>, 101 F.3d 1324, 1332 (10th Cir. 1996).

**<u>Analysis</u>**

Plaintiff asserts that the Court erred in granting summary judgment in this case because many of the facts in the memorandum and order, although offered by defendant and uncontroverted by plaintiff, are erroneous. She further asserts that she timely provided information to her counsel to refute many of these facts, but that he failed to use the information in responding to defendant's summary judgment motion. Moreover, she has been unable to contact her counsel since the Court entered judgment. Accordingly, plaintiff filed her motion pro se.

Plaintiff's filing does not comport with the Federal Rules of Civil Procedure or with this Court's local rules. Plaintiff is represented by counsel, who has not moved to withdraw, and thus counsel is obligated to sign motions filed on plaintiff's behalf. Fed. R. Civ. P. 11(a). Counsel did not sign the motion. In addition, the rules of this Court require parties to file a brief or memorandum in support of motions, which must contain a statement of the nature of the matter before the Court, a concise statement of the facts with support from the record, a statement of the questions presented and the argument with citations to applicable authority. D. Kan. Rules 7.1, 7.6.

More to the point, plaintiff does not raise new issues or present evidence that could not have been contained in her response to defendant's summary judgment motion. As noted above, the Court may grant a motion under Rule 59(e), Fed. R. Civ. P., to correct manifest errors of law or to

allow newly discovered evidence. Plaintiff has not shown that new evidence is available, nor does she assert that the Court's order contains manifest errors of law. For these reasons, and for substantially the reasons set forth in Defendant's Response To Plaintiff's Motion For Reconsideration (Doc. #60) filed May 25, 2012, the Court finds that plaintiff's motion to reconsider should be overruled.

**IT IS THEREFORE ORDERED** that An Appeal And Response To Memorandum And Order Document 56 (Doc. #58), filed pro se by plaintiff on May 11, 2012, be and hereby is **OVERRULED**.

Dated this 21st day of August, 2012, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge